STATE V. URQUIDI-CASTILLO

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**RUFINO URQUIDI-CASTILLO,**
**Defendant-Appellant.**

Docket No. A-1-CA-37177
COURT OF APPEALS OF NEW MEXICO
April 11, 2019

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY, Alisa A. Hart, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM, for Appellee

Bennett J. Baur, Chief Public Defender, Santa Fe, NM, Steven J. Forsberg, Assistant Appellate Defender, Albuquerque, NM, for Appellant.

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR: JENNIFER L. ATTREP, Judge, MEGAN P. DUFFY, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Defendant Rufino Urquidi-Castillo appeals from the district court's on-record review and affirmance of his convictions for aggravated driving while under the influence of intoxicating liquor or drugs (DWI) and speeding, following a bench trial in metropolitan court. [DS 1; RP 32] In our notice of proposed disposition, we proposed to agree with the district court in its factual presentation, analysis, and conclusion, and proposed to adopt the district court's memorandum opinion for purposes of this appeal. [CN 2-3]

Defendant filed a memorandum in opposition (MIO) to this Court's notice of proposed disposition. We have given due consideration to the memorandum in opposition, and, remaining unpersuaded, we affirm Defendant's conviction.

**{2}** In his memorandum in opposition, Defendant continues to argue that the State had a duty to provide the officer's personal cell phone and/or cell phone records, and argues that, contrary to our calendar notice, his objection to a "discovery violation" was preserved. [MIO 1-2] Our notice, however, did not propose to hold that Defendant failed to preserve any objection based on an alleged discovery violation. We proposed to adopt the district court's analysis and conclusion that Defendant failed to establish a *Brady* violation, under *Brady v. Maryland*, 373 U.S. 83 (1963), he did not preserve or identify any other argument related to a source for the duty to disclose the officer's personal cell phone records, and he did not argue the appropriate factors for dismissal or propose an appropriate remedy. [RP 61, 64; CN 2-3] Defendant's docketing statement stated that he challenged the discovery violation below under *Brady* [DS 3-4] and asserted that no authority supported his position that there was a discovery violation warranting dismissal. [DS 4]

**{3}** In response to our notice, Defendant now suggests that Rule 5-501(A)(3) NMRA applies without elaborating on how this rule demonstrates error in the district court's analysis or contending that any argument made thereunder was preserved in the metropolitan court or raised in the district court. [MIO 1] *See State v. Montoya*, 2015-NMSC-010, ¶ 45, 345 P.3d 1056 ("In order to preserve an issue for appeal, a defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon."). We also observe that Rule 5-501 is a rule of criminal procedure for the district courts, not the metropolitan court. Based on the foregoing, we hold that Defendant's bald assertions—that a discovery objection was made and that Rule 5-501 could support such an objection—do not demonstrate error in the district court's analysis affirming the decision of the metropolitan court. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that we presume correctness in the district court's rulings and the burden is on the appellant to demonstrate error).

**{4}** Furthermore, our notice proposed to adopt the entire analysis of the district court, including all the grounds set forth therein for affirmance. [CN 2-3] Defendant has not asserted any fact, law, or argument that persuades us the district court's analysis and our adoption thereof was erroneous. [*See* id.] *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{5}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's conviction.

**{6}** **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**